## A02A1495. ROUSE v. THE STATE.

(569 SE2d 261)

ANDREWS, Presiding Judge.

William Rouse pled guilty to DUI, possession of marijuana, and driving without a license. He was sentenced to twelve months, to serve two days, with the balance probated. As part of his sentence on the DUI count, he was to pay a $650 fine. Before he paid the $650 fine, Rouse's probation was revoked and he was required to serve out the remainder of his sentence. Rouse argued below and now on appeal that he should not have to pay the $650 fine. The trial court denied Rouse's motion to negate or suspend the fine, and we affirm.

Rouse claims that under OCGA § 42-8-36 (b) he is no longer required to pay the fine. This Code section provides that "[a]ny unpaid fines, restitution, or any other moneys owed as a condition of probation shall be due when the probationer is arrested; but, if the entire balance of his probation is revoked, all the conditions of probation, including moneys owed, shall be negated by his imprisonment. . . ." OCGA § 42-8-36 (b).

But, this fine was not assessed as a condition of probation; it was part of Rouse's mandatory sentence for DUI under OCGA § 40-6-391. This Code section provides in pertinent part:

> (c) Every person convicted of violating this Code section shall, upon a first or second conviction thereof, be guilty of a misdemeanor and, upon a third or subsequent conviction thereof, be guilty of a high and aggravated misdemeanor and shall be punished as follows: (1) First conviction with no conviction of and no plea of nolo contendere accepted to a charge of violating this Code section within the previous five years, as measured from the dates of previous arrests for which convictions were obtained or pleas of nolo contendere were accepted to the date of the current arrest for which a conviction is obtained or a plea of nolo contendere is accepted: (A) A fine of not less than $300.00 nor more than $1,000.00, which fine shall not, except as provided in subsection (g) of this Code section, be subject to suspension, stay, or probation. . . .[1]

Contrary to Rouse's contention on appeal, OCGA §§ 42-8-36 (b) and 40-6-391 (c) are not in conflict. OCGA § 42-8-36 (b) specifically states that it applies to only those fines imposed as a condition of probation and therefore does not apply to the fine in this case which was

---

[1] Subsection (g), providing for payment of the fine under conditions of economic hardship, is not applicable in this case.

part of the mandatory sentence for DUI under OCGA § 40-6-391 (c). Moreover, OCGA § 40-6-391 (c) (1) (A) expressly provides that fines assessed as part of the sentence for DUI shall not be subjected to suspension, stay, or probation. There was no error.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JULY 16, 2002.

*Randall A. Schmidt*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jennifer L. Parker, Assistant District Attorney*, for appellee.